UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SANDRA K. LISTEBARGER, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

   Defendant.

Case No. 4:20-cv-01049

## CLASS ACTION COMPLAINT

NOW COMES SANDRA K. LISTEBARGER, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of UNITED COLLECTION BUREAU, INC. as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*, and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. SANDRA LISTEBARGER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. UNITED COLLECTION BUREAU, INC. ("Defendant") is a corporation organized and existing under the laws of Ohio.

10. Defendant has a principal place of business at 5620 Southwyck Boulevard, Toledo, Ohio 43614.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2704.

16. At all times relevant, Plaintiff's number ending in 2704 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. On June 28, 2017, Plaintiff received medical services from MHHS Southeast Hospital.

19. Said medical services resulted in certain medical debt.

20. Plaintiff's $2,287.00 balance, once unpaid, was referred for collection.

21. Plaintiff's $2,287.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. Plaintiff's $2,287.00 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

23. On February 17, 2020, Plaintiff started to receive phone calls from Defendant.

24. Plaintiff answered.

25. Plaintiff was met by distinctive noticeable pause prior to being connected to Defendant's agent.

26. Once connected, Plaintiff quickly told Defendant "[s]top calling!"

27. Despite Plaintiff's request, these phone calls continued.

28. All in all, Plaintiff received no less than five (5) phone calls from numbers leading back to Defendant – including, (800) 297-6901.

29. Defendant's phone calls have resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

30. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

31. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLASS ALLEGATIONS

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) within the one year preceding the date of this complaint through the date of class certification; (3) in connection with the collection of a consumer debt; (4) after he/she requested that Defendant cease calls to his/her telephone number.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

35. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

36. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

38. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

39. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

46. Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (on behalf of Plaintiff and the Members of Putative Class)

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

49. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

50. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to stop. *See Chiverton v. Federal Financial Group, Inc*., 399 F. Supp. 2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to stop calling amounted to harassment).

51. The phone calls at issue were intended to be annoying, abusive, or harassing.

52. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

C.     an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692d(5);

D.     an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E.     an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F.     an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.     an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (on behalf of Plaintiff)

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Defendant placed or caused to be placed no less than five (5) non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

55. Upon information and belief, based on the "pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

56. Upon information and belief, the ATDS employed by Defendant transfers phone calls to an agent once a human voice is detected, hence the pause.

57. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227(a)(1)(A)-(B).

58. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

59. As result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

60. As result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

8

B.    an award of statutory damages of at least $500.00 for each and every violation;

C.    an award of treble damages of up to $1,500.00 for each and every violation; and

D.    an award of such other relief as this Court deems just and proper.

## COUNT III
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)
### (on behalf of Plaintiff)

61.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

62.    Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4)    causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

63.    Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request that they stop.

64.    Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)    A person may sue for:

> (1)    injunctive relief to prevent or restrain a violation of this chapter; and
>
> (2)    actual damages sustained as a result of a violation of this chapter.

(b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.	an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.	an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.	an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.	an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 24, 2020                                       Respectfully submitted,

**SANDRA K. LISTEBARGER**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com